**Opinion filed May 16, 2013**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-11-00144-CR & 11-11-00145-CR

_____

## JUAN TREVIZO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause Nos. C-37,760 & C-37,761**

### M E M O R A N D U M   O P I N I O N

Juan Trevizo pleaded guilty to three counts of aggravated sexual assault of a child, Camila Doe, in Cause No. 11-11-00144-CR and pleaded guilty to one count of indecency with a child, Kathy Doe, in Cause No. 11-11-00145-CR.[1]  The cases were tried together by agreement.  The jury found Trevizo guilty on all four counts and assessed his punishment for each count of aggravated sexual assault at

---

[1]We refer to each child victim by a pseudonym.

confinement for fifty-five years and assessed his punishment for indecency with a child at confinement for twenty years. The trial court sentenced him accordingly and ordered his sentences on the three aggravated-sexual-assault charges to run concurrently and his sentence on the indecency-with-a-child charge to run consecutively. We affirm.

In a single issue, Trevizo argues that the trial court erred when it prohibited him from asking the prospective jurors whether, based on a finding of guilt, "they've formed an opinion that he should go to prison." He contends that his question was not an improper commitment question and that the question was relevant to the issue of punishment. Specifically, he argues that the question addressed whether the prospective jurors could consider the full range of punishment. He also argues that the error affected his substantial rights.

During voir dire, defense counsel told the prospective jurors that Trevizo had pleaded guilty to the charges and that the jury would only be responsible for determining punishment. Defense counsel told the prospective jurors that he wanted to know if any of them had formed the opinion that they would send Trevizo to prison. The prosecutor objected and argued that defense counsel's question, as phrased, was an improper commitment question because counsel was pointing to Trevizo and asking about Trevizo specifically. Defense counsel responded that he needed to know if the prospective jurors had formed an opinion that Trevizo should go to prison. The trial court found that the question was not appropriate and explained that defense counsel could ask whether the prospective jurors could consider the full range of punishment, including probation, but could not ask a commitment question as to the particular defendant. The trial court did not permit defense counsel to ask, "Have you formed an opinion that he should go to prison?" However, defense counsel was permitted to ask whether the prospective jurors could consider the full range of punishment, including

2

probation, and counsel used the majority of his time during voir dire to question the prospective jurors on the issue of probation.

To determine whether a voir dire question is an improper commitment question, we must first determine whether the particular question is a commitment question and, if so, then determine whether the commitment question is proper. *Standefer v. State*, 59 S.W.3d 177, 179–83 (Tex. Crim. App. 2001). A commitment question is one that commits "a prospective juror to resolve, or to refrain from resolving, an issue a certain way after learning a particular fact." *Id.* at 179. A commitment question is proper if it gives rise to a valid challenge for cause and includes only those facts necessary to establish the challenge for cause. *Id.* at 182.

The question at issue here was a commitment question because it sought to elicit a commitment from a potential juror as to whether the potential juror had already decided to send the defendant, who had pleaded guilty to aggravated sexual assault of a child and indecency with a child, to prison. The question was also improper because defense counsel was pointing to Trevizo and asking specifically about whether the potential jurors had decided to send him to prison. While it is proper for counsel to ask potential jurors whether they could consider the full range of punishment for the offense of aggravated sexual assault, it is not proper for defense counsel to ask potential jurors how they would punish counsel's client specifically. *See id.* at 181 (questions concerning whether a juror can consider the full range of punishment for a particular offense are proper commitment questions); *Moreno v. State*, No. 05-09-00583-CR, 2010 WL 2674657, at *3 (Tex. App.—Dallas July 6, 2010, pet. ref'd) (not designated for publication) (holding question of whether prospective jurors could consider probation specifically for Moreno was improper commitment question). When the question asks the potential jurors to take the particular defendant into consideration when deciding

3

whether they could consider the full range of punishment, the question includes more facts than necessary to establish a challenge for cause. *See Lewis v. State*, No. 05-98-02116-CR, 2000 WL 772936, at *3–4 (Tex. App.—Dallas June 15, 2000, pet. ref'd) (op. on orig. subm., not designated for publication) (holding that the trial court did not err in overruling defendant's challenges for cause where prospective jurors' responses that they could not consider probation for Lewis did not indicate that they could not consider the full range of punishment for the offense, but only indicated that they would consider the facts of the commission of the offense in determining the appropriate punishment). Therefore, the trial court did not err when it prohibited Trevizo's defense counsel from asking the prospective jurors whether they had already decided to send Trevizo to prison.

Even if the trial court erred, the error did not affect Trevizo's substantial rights because his defense counsel was permitted to question the prospective jurors at length regarding whether they could consider the full range of punishment. *See Woods v. State*, 152 S.W.3d 105, 109–10 (Tex. Crim. App. 2004) (trial court's denial of a proper question did not have a substantial or injurious effect or influence in determining the jury's verdict because defense counsel was able to ask the prospective jurors essentially the same question). In addition, after defense counsel questioned the prospective jurors on whether they could consider the full range of punishment, he challenged thirty-three jurors for cause and the trial court granted each challenge. We overrule Trevizo's sole issue. [2]

---

[2]Although Trevizo argues that the proper harm analysis is whether the error affected his substantial rights, we note that the proper harm analysis is a constitutional harm analysis under TEX. R. APP. P. 44.2(a). *Jones v. State*, 223 S.W.3d 379, 380–83 (Tex. Crim. App. 2007). Because defense counsel was able to question the potential jurors on whether they could consider the full range of punishment and because defense counsel was granted each challenge for cause that he requested, we find, beyond a reasonable doubt, that the error did not contribute to Trevizo's punishment.

We affirm the judgments of the trial court.

JIM R. WRIGHT

CHIEF JUSTICE

May 16, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.